## HUSSMAN v. LEAVELL & SHERMAN.
### No. 1399–5581.

Commission of Appeals of Texas, Section A
Nov. 26, 1930.

Turney, Burges, Culwell & Pollard, of El Paso, for plaintiff in error.

Whitaker & Peticolas, of El Paso, for defendants in error.

CRITZ, J.

This suit was begun in the Forty-First district court of El Paso county, Tex., by Charles H. Leavell and Ray E. Sherman, composing the firm of Leavell & Sherman, hereafter referred to as plaintiffs, against Harry L. Hussman, hereafter referred to as defendant, to recover certain commissions claimed by plaintiffs against the defendant. The case was submitted to a jury on special issues in the district court, and based on the court's construction of the law as applied to the verdict, judgment was entered for the plaintiffs for $5,000. On appeal this judgment was affirmed by the Court of Civil Appeals. 20 S. W.(2d) 829. The case is in the Supreme Court on writ of error granted on application of defendant.

We find it necessary to make a rather extended statement of the plaintiffs' pleadings. It is alleged by them, in substance, that prior to May 1, 1927, the Dieter estate owned a certain tract of land in the city of El Paso, El Paso county, Tex.; that during the year 1926, and prior to May 1, 1927, the plaintiffs were real estate agents in El Paso, Tex., and were authorized by the owners of said property to sell, or dispose of the same on a long-term lease; that, in connection therewith, and in their efforts to dispose of the property for such owners, the plaintiffs corresponded with divers business organizations, particularly with chain store organizations, with reference to such property; that among these organizations was the J. C. Penny Company; that, through the correspondence of the plaintiffs and by reason of the efforts of the plaintiffs, the J. C. Penny Company became thoroughly familiar with the property and its desirability for a long-term lease, but at that time no lease was effected; that about May 1, 1927, the Dieter estate sold and conveyed the property to the defendant; that thereafter the defendant, by and through his authorized agent, J. M. Pollard, authorized the plaintiffs to sell or lease the property for the usual and customary commission, and at that time learned that these plaintiffs had been in correspondence, and negotiations with many and divers chain store organizations with a view of making a long-term lease of the property.

Plaintiffs further allege that, about July 31, 1927, the defendant, through his said authorized agent, requested the assistance of the plaintiffs in effecting a sale of the property to one Joe Kline of Los Angeles, Cal., and in the resulting conference between Hussman and his representative, and Kline and these plaintiffs it developed that Kline was considering purchasing the property, but would only do so in the event he could probably lease it on a long-term lease to some solvent lessee, preferably a chain store organization; that, knowing that the plaintiffs had had extensive correspondence and negotiations with different chain store organiza-

tions, and were in position to facilitate such a lease, and so induce the sale to Kline, to purchase said property, the defendant agreed with the plaintiffs that for their assistance in convincing Kline that the property could probably be leased, and their efforts to convince Kline that he could probably lease the property, that, if Kline was able to negotiate a lease with any of the parties with whom the plaintiffs had been negotiating or corresponding, and if Kline should purchase the property and lease to any of said parties, the defendant would pay the plaintiffs a commission of $5,000.

It is further alleged by plaintiffs that, acting in accordance with this agreement, the plaintiffs advised Kline of the names and addresses, information and offers, correspondence had, and negotiations pending, names and addresses of district managers, etc., together with the information as to the desires and policies of the concerns with whom plaintiffs had been corresponding. It is then alleged who these parties were, among them being the J. C. Penny Company.

It is further alleged by the plaintiffs that, after the said Kline had considered the information furnished by the plaintiffs, and consulted with them, he was induced by the plaintiffs and the information furnished by them to enter into a written option contract with the defendant to purchase the property within a given time, paying for such option a consideration of $3,000, which was to be credited on the purchase price if he bought, and retained by defendant if he did not buy, and that during the life of such option, or an extension or renewal thereof, the said Kline ascertained with reasonable certainty that he could lease the property to the J. C. Penny Company on a long-term lease, and a satisfactory rental; that about April 6, 1928, Kline purchased the property from the defendant for a price of $170,000, and on or about June 4, 1928, Kline and wife executed a 99-year lease to J. C. Penny Company, one of the parties which had been brought to his attention by the correspondence, information, and efforts of the plaintiffs.

Plaintiffs further allege that defendant specifically agreed to pay them $5,000 for their assistance and efforts in convincing Kline that he could probably lease the property, and by giving such information assisting in bringing about the sale of the property to Kline; the specific agreement being that, if the matter should result in a lease by Kline and a purchase by him, plaintiffs should be paid said sum of $5,000.

The defendant answered by general and special exception, general denial, and special answer.

In his main charge, the court submitted one special issue to the jury, which is as follows:

"Question No. 1. Do you find from a pre-

ponderance of the evidence, as contended by the plaintiffs, that Mason Pollard, thereunto authorized by Harry L. Hussman, on or about July 31st, 1927, agreed with Ray E. Sherman, representing Leavell & Sherman, that, in consideration of the use of their files and information and their assistance in inducing Joe Kline to purchase the property in question in this case, that if he should purchase it and leased it to one of the firms or corporations with whom Leavell & Sherman had been in correspondence, they should be paid a commission of $5,000.00; or was the agreement, as contended by the defendant, that in the event the said Kline purchased the property and thereafter leased to McCrory Stores Corporation, that then, in that event only, should Leavell & Sherman be paid a commission of $5,000.00?

"Answer either by the use of the words 'We find in accordance with the plaintiffs' contention' or by the use of the words 'We find in accordance with the contention of defendant,' as you find from the evidence.

"Unless you find from a preponderance of the evidence in accordance with the contention of the plaintiffs, you will find in accordance with the contention of the defendant."

The jury answered the above issue: "We find in accordance with the plaintiffs' contention."

At the request of the defendant, the court submitted the following question to the jury:

"If you answer Question No. 1 in accordance with plaintiff's contention, then, and not otherwise, answer this question:

"Do you find from a preponderance of the evidence that the activities or correspondence had by Leavell & Sherman with J. C. Penny Company or its agents, were instrumental in securing for Joe Kline the J. C. Penny Company lease. Answer yes or no."

The jury answered the above question "No."

It is contended by the defendant that the answers of the jury to the two questions propounded present a conflicting verdict on which no judgment can be based.

In our opinion the two answers present no conflict. The cause of action of the plaintiffs is based upon the contention which is supported by ample evidence, to the effect that the defendant through his duly authorized agent, Pollard, agreed with the plaintiffs that, in consideration of using their files and information, and their assistance in inducing Joe Kline to purchase the property in question, if Kline should so purchase it, and lease it to one of the firms or corporations with whom the plaintiffs had been in correspondence, he (defendant) would pay the plaintiffs a commission of $5,000. The jury found the contention of the plaintiff to

be true. The plaintiffs did not base their case on any contention that they are instrumental in securing the J. C. Penny lease for Kline. This issue was not in the case at all, either from the standpoint of the plaintiffs or the defendant. In other words, the plaintiffs' cause of action was not based on securing the lease of J. C. Penny Company for the defendant. They do not contend that they did so. It follows that the special issue presented to the jury at the request of the defendant with reference to whether the activities or correspondence had by Leavell & Sherman with J. C. Penny Company, or its agents, were instrumental in securing for Joe Kline the J. C. Penny Company lease could not possibly have had any bearing on the plaintiffs' right to recover on the issue of assisting in the sale by defendant to Kline. This being the case, the second issue was properly ignored by the trial court.

We agree with the rulings of the Court of Civil Appeals on the other assignments presented.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.