## ELROD v. WORD.

No. 7897.

Court of Civil Appeals of Texas. Austin.

Nov. 29, 1933.

Rehearing Denied Dec. 20, 1933.

Harris, Harris & Sedberry, and Luther Lynn, all of San Angelo, for appellant.

W. A. Anderson, both of San Angelo, for appellee.

BLAIR, Justice.

Appellee sued appellant, Jess Elrod, and Jim Phillips to recover certain items alleged to be due as salary, expenses, and damages arising out of a contract whereby appellee agreed to take charge of certain sheep belonging to Elrod and Phillips, and to ship them to California for pasturage and market.

The various items or claims for which appellee sought judgment are as follows:

1. Appellee alleged that he was to receive $150 per month as salary for his services, and that there was still due him a certain amount as salary. The contract of employment was admitted by appellant, but issues were joined by the pleadings and evidence as to the period of time appellee was employed and as to the amounts appellant had paid appellee on his salary.

In response to special issues 1 and 2, the jury found that appellee was employed for a period of six months, and that appellant had paid him $750 on his salary. Judgment was accordingly rendered for $150 salary. The evidence fully supports the jury's finding in this regard; and this item or portion of the judgment is not attacked and will be affirmed.

2. Appellee alleged that, in carrying out his contract of employment and in order to properly care for the sheep, he was compelled to and did expend for the use of defendants $272.84; an itemized account of such expenses being set forth in his petition.

In answer to appellee's claim for these expenses, appellant, Elrod, alleged that he employed appellee to supervise and look after certain sheep, known as the Mayer sheep, and which were on the pasture and premises of one B. K. Packer, near Bakersfield, Cal.; that the contract between appellant and appellee was for appellee to look after the sheep for the owners, of which appellant was one, and for which service he was to receive $150 a month; that appellee was not authorized to incur any expenses in connection with the feeding, doctoring, or handling of such sheep while on such pasture, and was not authorized to expend any money for the various other items of expenses alleged; but that such supplies and expenses were to be paid for by Packer under his partnership or joint venture agreement with appellant concerning the sheep in question.

By special issue 4, the court submitted, after excluding certain items of the expense pleaded by appellee, the question of whether such expenses were reasonable and necessary and incurred by appellee in connection with his employment by defendants. The jury answered the issue in the affirmative; and, in answer to special issue 5, found that the amount of such expenses was $115.24.

The evidence fully sustained the jury's finding on these issues, and judgment was accordingly rendered for appellee against appellant for $115.24.

3. Appellee alleged that it was necessary for him to employ certain help and assistance in performing the labor necessary to care for defendants' sheep, and to carry out their instructions, and that defendants expressly agreed with appellee and authorized him to employ one Clyde Carson at a salary of $70 per month, and that plaintiff did, acting under the authority and instructions of defendants, employ Clyde Carson to help him in handling the sheep for a period of six months; that defendants failed and refused to pay said Clyde Carson said amount of $420 due him for his services, and that Clyde Carson had assigned his claim for services to appellee.

Appellant pleaded in this connection that appellee was not authorized to employ Clyde Carson, "as an employee on behalf of this defendant or any partnership or joint venture in which this defendant was interested in the ownership of said sheep," and that, if he was employed, he was employed by Packer, and that his services were not necessary for the use and benefit of appellant.

Appellee proved the written assignment of Clyde Carson's claim for services to himself, and the same, having been duly acknowledged before a notary public, was introduced in evidence without objection. The jury found, in answer to issue 3, that the defendants authorized plaintiff to employ Carson to work for defendants in caring for the sheep in California, the wages of Carson to be paid by defendants. Judgment was accordingly rendered for appellee for $420.

Appellant contends that no issue submitted the amount of the claim of Carson to the jury, and that the jury made no findings as to the amount. We do not sustain this contention, because appellee alleged that by express contract appellant, Elrod, and Phillips authorized and instructed him to employ Carson at a salary of $70 per month. The jury found in response to the issue that this contract was made and that defendants agreed to pay the wages due Carson. Appellee was entitled to recover under his pleading and proof $70 per month for six months as salary due Carson, or nothing. Therefore the effect of issue 3 was to submit the question of whether the defendants authorized appellee to employ Carson at a salary of $70 per month for six months, the salary to be paid by defendants.

It is further contended by appellant that issue 3, whereby the jury found that defendants authorized appellee to hire Clyde Carson and agreed to pay his wages, and issue 4, whereby the jury found that appellee incurred as reasonable and necessary

certain expenses in connection with the care of the sheep, and question 5, that such expenses amounted to $115.24, were in conflict with the findings of the jury on issue 11, whereby the jury found that Packer was to pay the items of expense for which plaintiff sued; and issue 12, whereby the jury found that Packer was to pay the expenses of herding the sheep, including the wages of Clyde Carson; and issue 13, whereby the jury found that appellee had knowledge of the fact that Packer was to pay the wages of the herders, including the wages of Clyde Carson. Under both the pleadings and the evidence, issues 11, 12, and 13 are wholly immaterial: and the court rendered the only judgment with regard to the expenses incurred in caring for the sheep and the wages of Clyde Carson that it could have rendered under the pleadings and undisputed evidence. In the first place, and with regard to the salary of Carson, appellee pleaded that defendants expressly authorized him to employ Clyde Carson and pay him $70 per month for his services, and expressly agreed to pay same. Appellee's theory of recovery was upon an express contract between himself and appellant, whereby appellant expressly agreed to pay Carson's salary; and his right of recovery could not be affected by the mere allegation and proof that, as between appellant and his partner, Packer, the latter was to pay this item of expense, and that appellee knew of this agreement between appellant and Packer. The mere fact that the court submitted the immaterial issues as to whether as between appellant and Packer the latter was to pay the expenses in question, and that appellee knew of this agreement, could not affect appellee's right of recovery, because these issues were not material to the particular theory upon which the judgment was authorized or required to be entered. Hussman v. Leavell (Tex. Com. App.) 32 S.W.(2d) 643; Speer's Law of Special Issues, p. 576, § 448.

In the second place, appellant pleaded facts which showed a partnership between himself, Phillips, and Packer with regard to the pasturage and handling of the sheep in question, and that particularly the expenses incurred in handling and caring for the sheep and the salary of Carson were partnership obligations for which each partner was jointly and severally liable to appellee as a matter of law. Appellant testified that he and Phillips owned the sheep; that they shipped them to California under the supervision of appellee, under an agreement with Packer whereby Packer was to furnish the pasture and all expenses necessary to the herding and care for the sheep, except the salary of appellee; that, when the sheep were fattened and sold, the proceeds were to be applied, first, in the payment of a mortgage on the sheep, and, second, to the

expenses incurred by Packer in pasturing and handling the sheep; and that the net profits were to be divided fifty-fifty between the owners and Packer. The letters from appellant to appellee showed that this was the agreement. It was neither alleged nor proved that appellee was to receive his expenses and the salary of Carson only in the event that Packer did not pay them, or in the event that the proceeds of the sheep were insufficient to pay them. Appellee and Carson were not parties to the partnership agreement, but were mere employees of the partnership. .It is therefore manifest that the mere fact that, as between the partners, one of them was liable for the expenses in question, and that appellee knew of this arrangement, could not affect appellee's right to recover the expenses under his theory of express contract by one partner to pay the expenses, and under the facts pleaded and proved by appellant showing as a matter of law that the expenses were partnership obligations for which each partner was jointly liable to appellee, a third party, as a matter of law. And since the issues 11, 12, and 13 were not material to the theory or theories upon which the judgment for the expenses in question was authorized, or was required to be entered, such conflict in the issues becomes immaterial.

4. Appellee alleged that, while he was attempting to ship and market the sheep in question under instructions from appellant, Packer filed a complaint against him for theft of the sheep, and that he was arrested and incarcerated in jail upon this complaint; that he notified appellant of his arrest, and that it was necessary for appellant to come to California and assert his ownership of the sheep in order to vindicate appellee of the charge of theft; that appellant did not appear, but that appellee stood trial and was acquitted of the charge; and that by virtue of the humiliation in connection with the criminal prosecution and trial of appellee for theft of the sheep, which he would not have had to undergo but for the failure of appellant to appear and assert ownership of the sheep, he was damaged in the sum of $2,500.

In answer to special issues, the jury found that appellee incurred an item of attorney's fees and $125 expenses necessarily incurred and as reasonable charges in connection with the criminal prosecution, and that appellee was damaged $425 by reason of the failure of appellant to appear and assert ownership of the sheep.

■■ Appellee filed his motion for a judgment based upon the findings of the jury in connection with the damages for the failure of appellant to go to California and establish his ownership of the sheep in the trial of appellee for stealing such sheep; but, notwithstanding the verdict of the ju-

ry and the motion of appellee, the trial court rendered judgment that appellee take nothing upon his suit for damages in connection with the criminal prosecution. While appellee objected to the action of the trial court in refusing to render a judgment in his behalf upon the verdict of the jury, or in not granting him a new trial, he has not cross-assigned error to such action of the court. The right to file cross-assignments of error is not given by statute, but, as against an appellant, a successful party may cross-assign error without perfecting an independent appeal, and this right has always been recognized in practice. Erwin v. Curtis (Tex. Civ. App.) 5 S.W.(2d) 547; Cain v. Bonner, 108 Tex. 399, 194 S. W. 1098, 3 A. L. R. 874. The authorities are also uniform in holding, however, that cross-assignments are necessary in order to present errors affecting an appellee, unless the error complained of involves a fundamental question. Hutchison v. Hamilton (Tex. Com. App.) 14 S.W.(2d) 823; Phipps v. Hemphill (Tex. Civ. App.) 267 S. W. 310. No fundamental error appears in this case.

The authorities also hold that, where an error is not cross-assigned, it is waived, and that the court will not reform a judgment for appellee in absence of cross-assignments complaining of the terms of the judgment. Read v. Gibson (Tex. Civ. App.) 12 S.W.(2d) 620; Fidelity & Casualty Co. v. Harrison (Tex. Civ. App.) 274 S. W. 1002 (writ of error refused); Prairie Lea Production Co. v. Lincoln Tank Co. (Tex. Civ. App.) 294 S. W. 270; Ford v. Warner (Tex. Civ. App.) 176 S. W. 885; 3 Tex. Jur. 873, §§ 609 and 610.

We find no error requiring a reversal of the judgment of the trial court, and it will be affirmed.

Affirmed.