## NU-ENAMEL PAINT CO. OF TEXAS v. CULMORE.
### No. 9956.

Court of Civil Appeals of Texas. Galveston.
April 19, 1934.

Appellant's Rehearing Denied May 10, 1934.
Appellee's Rehearing Denied June 7, 1934.

C. E. Coolidge, of Houston, for appellant.

A. T. Carleton, of Houston, for appellee.

LANE, Justice.

This suit was instituted by March Culmore against the Nu-Enamel Paint Company of Texas to recover rents alleged to be due him by said company as rent on property belonging to the plaintiff, known as 1805 Main street, Houston, Tex., for the months of December, 1931, January, February, and March, 1932, at an agreed rental of $90.50 per month.

Plaintiff in his petition upon which he went to trial alleged as follows:

"That defendant, * * * on or about the 26th day of January, 1931, acting by its manager, C. L. Lloyd, and one H. H. Abernathy, its local distributing agent, entered into a verbal lease contract with the plaintiff for the use by said corporation of certain premises to be constructed by the plaintiff on his property near the corner of Main and Calhoun Streets in the City of Houston, * * * the defendant, by its said president and general manager and agent, agreeing to pay a month-ly rental of $90.50, including the water, such rental to be paid monthly in advance. * * *

"And thereafter, on or about the 15th day of April, 1931, the improvement being ready, although not entirely completed, the defendant corporation, in accordance with such previous agreement, did move into said property. * * * That the defendant corporation, from the date it moved into said rented premises, occupied the same, selling its merchandise with its local agent, H. H. Abernathy, in charge of its business, until the said H. H. Abernathy ceased his employment with the company and the company put in charge one Oscar Goble, who was sent from the main office of the company at Dallas as a factory representative for the defendant, and that said Goble remained in charge of said business, conducting the same on plaintiff's premises, until the night of February 29, 1932.

"That some time during the night of February 29, 1932, under and by instructions of the Secretary of the defendant, C. J. Lloyd, the said Goble removed all of the stock, consisting of paints and varnishes, then in said building belonging to the defendant * * * to the City of New Orleans, Louisiana, * * * and placed same in a store of said corporation in said City of New Orleans.

"That the defendant, acting by its said agent, H. H. Abernathy, did pay the rent on said premises from the said first day of May, 1931, until the first day of December, 1931, but that the defendant corporation has failed to pay the rent that was due for the month of December, 1931, January, February, and March, 1932, which it had agreed, under its said rental contract, to pay to the plaintiff at the rate of $90.50 per month, and that the defendant thereby promised and agreed and is obligated to pay to said plaintiff the rent of said premises for said months, aggregating the total sum of $362.00. That sum of $362.-00 is long past due and wholly unpaid and * * * defendant has hither-to-fore failed and refused to pay said sum or any part thereof, to plaintiff's damage in the sum of $500.00. * * *

"This plaintiff says that if it be found on the trial of this cause that the contract agreement was not entered into by the defendant corporation acting by its President, then he says that the said H. H. Abernathy was the manager and in control of the affairs of the corporation business at Houston, Texas; * * * that said H. H. Abernathy acted within the apparent scope of authority as such agent for the corporation and that as

such agent had the authority to make the rental agreement with this plaintiff, and that acting under such rental agreement and thereafter in charge of the company's business the rent of $90.50 was so paid by the corporation by him.

"That the said Oscar L. Goble was placed in charge of the defendant's local business here in the City of Houston with the custody of its property, and that as such agent it was apparently within the apparent scope of his authority to pay for the corporation the monthly rent that was due, which rent he agreed to pay at the rate of $90.50 for the corporation, but that the corporation failed and refused to pay the rent during the time the said Goble was in charge of its local business. That this plaintiff charges the fact to be that the said Goble was sent from the home office at Dallas, Texas, to Houston, Texas, to take charge of its business on the 1st day of December, 1931."

Defendant answered by general demurrer, a special exception, general denial, and a special denial that any of its officers or agents ever entered into any rental agreement with plaintiff relative to the property described in plaintiff's petition, and alleges that if any person purported to act for it in making the alleged agreement, such person was acting without authority from defendant. It specially alleged that the stock of goods manufactured by defendant which was located in the premises in question was there on consignment to the owner and operator of the store, and that such operator in February, 1932, because of his inability to dispose of such assigned stock of goods was instructed and ordered by defendant to return such assigned goods to it; that defendant had no interest in the furniture remaining in the premises, and never did have, and that it at no time ever occupied the premises as a tenant of plaintiff.

The case was tried before the court without a jury, and judgment was rendered for the plaintiff, March Culmore, for the sum of $362, against the defendant, and from such judgment defendant has appealed.

The court filed a statement of facts and conclusions of law as follows:

### "Findings of Fact.

"I. I find that the defendant did not enter into a verbal lease with the plaintiff covering the premises in question in January, 1931, as alleged.

"II. I find that the defendant did not move into the store on the premises in April, 1932, (evidently should be 1931); that at such time H. H. Abernathy moved in and owned and operated a retail Paint store from such time to December 1, 1931, on his own account and not as agent of the defendant.

"III. I find that Oscar L. Goble was, in fact, an agent and employee of the defendant and that as such agent and employee he took charge of and operated the store for the defendant from December 1, 1931, to February 29, 1932, on which day the stock of merchandise was removed from the premises by orders of the defendant.

"IV. I find that the rental agreement of Abernathy provided for the payment of $90.50 per month, payable in advance, as rent, and that the defendant knew of such agreement by reason of the presence of C. L. Lloyd, the President of defendant, when Abernathy made the agreement with Culmore in January, 1931, and that the defendant entered on and occupied the premises with such knowledge.

"V. I find that some time in February, 1932, C. J. Lloyd, who, as Secretary of the defendant, and who as such had authority to bind the corporation defendant, in course of a conversation with Culmore, promised to send a check in payment of the rent which had then accrued on the premises.

"VI. I find that the keys to the store were retained by Goble as agent for the Company until March 14, 1932.

"VII. I find that no part of the rent on the premises for December, 1931, January, February and March, 1932, has ever been paid by the defendant.

"VIII. I find that the defendant did not agree with Culmore to restore the premises to their original condition upon vacating same, as is alleged in plaintiff's petition.

### "Conclusions of Law.

"I. I conclude that as a matter of Law upon the pleadings and the foregoing facts as found that the defendant herein is not liable for the damages to the property as sued for but that it is liable for rent on the premises in question for the months of December, 1931, January, February and March, 1932, at the rate of $90.50 per month."

For a reversal, appellant contends that the judgment rendered is not sustained by the pleadings, in that, as revealed by the findings of fact of the court, such judgment is predicated upon a finding and conclusion that defendant, through its agent, Goble, entered on and occupied the premises in question with the knowledge that plaintiff's contract of rental with Abernathy provided for a monthly

rental of $90.50, payable in advance, which fact, if a fact, is not pleaded by plaintiff; that plaintiff declared upon an express contract and agreement by defendant, through his alleged agent, to pay rent at the rate of $90.50 per month in advance; that plaintiff's action as made by his pleadings is upon an alleged express contract and an alleged ratification thereof by defendant, whereas the judgment rendered, as revealed by the findings of fact, is rendered upon a finding that entry into possession of the premises by defendant was upon an implied agreement to pay the sum of $90.50 per month with knowledge that H. H. Abernathy, a former tenant of the plaintiff, had agreed to pay that sum for the use of the premises in January, 1931; that there is no pleading to sustain a finding, or to raise an issue as to whether or not defendant knew on December 1, 1931, the time it entered upon the premises, if it did so, that plaintiff at such time was receiving the sum of $90.50 or any other specific sum per month from the prior tenant for the use of the premises, and there was no pleading that $90.50, nor any other sum, was the reasonable rental value of said premises per month.

■ We think appellant's contentions should be sustained. We agree with appellant that it is apparent from the pleadings of the plaintiff that he relied on an express contract for payment of the rental claimed by him from appellant, made with him either by C. L. Lloyd, president of appellant company, or by H. H. Abernathy or Oscar L. Goble, alleged agents of appellant, in January, 1931.

The evidence is amply sufficient to support a finding that appellant made no agreement of rental with appellee in January, 1931; that appellant did not move into the alleged rented premises in April, 1931, but that H. H. Abernathy did rent and occupy the premises from January, 1931, to December 1, 1931, on his own account and not as agent of appellant, and that if appellant ever occupied the premises it did so under an implied agreement to pay the reasonable rental value of the premises and not under or by virtue of any express agreement or contract made by it or by any of its authorized agents.

The trial court substantially found the facts as stated above, and in his conclusions of law expressly stated that the judgment rendered is based upon the above-stated facts. It conclusively appears from the findings of fact that the trial court did not base the judgment rendered on the contract pleaded by the plaintiff, for he expressly found that: appellant did not make such contract. The rule that one pleading an express contract cannot recover under or on proof of an implied contract is too well settled to require citation of authorities in its support.

After finding that Abernathy and not appellant rented the premises in question from January, 1931, to December 1, 1931, and occupied the same on his own account and not as agent of appellant, the court expressly found that the rental agreement made between appellee and Abernathy provided for the payment of $90.50 per month as rent, and that appellant knew of such agreement and appellant thereafter, with such knowledge, on December 1, 1931, entered upon and occupied said premises. Such finding clearly shows that the court based the judgment rendered upon his conclusion that by the entry and occupancy of the premises by appellant, with knowledge that Abernathy had agreed to pay a rental of $90.50 per month for the use of the premises, it impliedly agreed to pay such stipulated sum as rent.

Had the plaintiff sued upon the implied agreement suggested by the finding of the trial court, and had it been shown that appellant did enter and occupy the premises for the time alleged, he would be entitled to a recovery of the reasonable rental value of the premises, but since the plaintiff did not allege that appellant entered and occupied the premises knowing what rent was being paid by Abernathy and thereby impliedly agreed to pay the same monthly rent charged Abernathy, he cannot recover upon any such implied contract as suggested by the finding of the court.

Appellant also contends that the finding of the court that Oscar Goble was in fact an agent of appellant has no support in the evidence.

We sustain such contention. After a careful examination of the statement of facts we have reached the conclusion that the undisputed evidence shows that Goble was not an agent of appellant with authority to rent the premises in question for appellant, and that there is no evidence tending to show that he was clothed by appellant with apparent authority to make the rental contract alleged by the plaintiff.

■ In an attempt to show that Oscar Goble was an agent of appellant with authority to make the contract alleged by the plaintiff; Culmore, the plaintiff, took the witness stand and, over objections by counsel for the defendant, was permitted to testify that Goble told him that he, Goble, was working for Nu-

Enamel Paint Company, and that the company would pay the rent.

Such testimony is not admissible to prove agency, and if offered for such purpose it should have been rejected. An ex parte statement of one that he is the agent of another is not admissible to prove agency.

Having reached the conclusions above stated, we hold that appellee is not entitled to a recovery of any sum under the allegations of his petition, but in view of the fact that it is made to appear by some of the evidence that appellant occupied the premises in question for storage purposes for some indefinite time, and it appearing that no proof was made of the reasonable value of the use of the premises by appellant for such time, thus showing that the case has not been fully developed, we have reached the conclusion that the judgment should be reversed and the cause remanded, and it is accordingly so ordered.

Reversed and remanded.