## ED SPROLES ET AL. V. FRANK M. ROSEN ET AL.

No. 6228. Decided July 24, 1935.
Rehearing overruled October 9, 1935.
(84 S. W., 2d Series, 1001.)

**52**

*Frank Rawlings,* of Fort Worth, *Burgess, Burgess, Chrestman & Brundidge* and *L. E. Elliott,* all of Dallas, for plaintiffs in error.

Since it appeared from the evidence that the driver of the automobile in which plaintiff was riding was guilty of several acts of negligence which it appears from the evidence was the proximate cause of plaintiff's injury, defendants were entitled, under the court's definition of proximate cause, to have submitted to the jury a special issue under which the jury could consider whether or not the combination of one or more of the acts constituted the sole proximate cause. Federal Surety Co. v. Jetton, 29 S. W. (2d) 534; Horton v. House, 29 S. W. (2d) 985.

*Turner, Rodgers & Winn* and *M. B. Somomon,* all of Dallas, for defendants in error.

Mr. Judge TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Frank M. Rosen and wife sued Ed Sproles and T. H. Botsford for damages for personal injuries. The injuries were sustained by Mrs. Rosen while riding as a guest with her brother, George Schepps, in his automobile en route from Dallas to Fort Worth. Schepps was driving. One of the Sproles trucks was standing on the highway a few miles out of Dallas about 11 o'clock at night without either head or tail light burning, when Schepps' automobile collided with it from the rear, causing the injuries complained of. Judgment was for Rosen and wife, defendants in error here, upon findings made

by the jury. The Court of Civil Appeals affirmed the judgment. 47 S. W. (2d) 331. The writ was granted upon application of Sproles and Botsford as plaintiffs in error.

■ The jury found the defendants had no tail light burning on the truck at the time in question. This was negligence as a matter of law. P. C. Art. 798; Pennington Produce Co. v. Wonn (writ refused), 49 S. W. (2d) 482; City of Amarillo v. Rust, 64 S. W. (2d) 821. It was further found this proximately caused the accident. The trial court entered judgment for plaintiffs, notwithstanding a general finding by the jury that Mrs. Rosen failed to use reasonable care for her own safety. This finding was made in response to special issue number 50, which reads: "Do you find from a preponderance of the evidence that the plaintiff, Mrs. Frank M. Rosen, failed to use reasonable care for her own safety on the occasion in question?" Further findings made upon related issues are to the effect that such failure proximately contributed to the collision.

■ The first question presented is whether the court erred in disregarding the general finding that Mrs. Rosen failed to use ordinary care for her own safety, and in rendering judgment upon the verdict notwithstanding such finding. The allegations of defendants in which the negligence of Mrs. Rosen is charged reads:

"Mrs. Frank M. Rosen knew or should have known that the driver of said car, George Schepps, was a very reckless and fast driver and that it was dangerous to ride with the said George Schepps without keeping a lookout and exercising ordinary care for her own safety to discover objects in the highway; that notwithstanding said knowledge the plaintiff wholly failed to use ordinary care for her own safety and was negligent in failing to keep a lookout in the course in which said automobile was traveling and in failing to warn the said George Schepps as to the rate of speed at which he was driving said car, and in failing to warn the said George Schepps of the presence of said truck on the highway at a time when she knew or ought to have known that the said George Schepps was not keeping a lookout nor observing the highway in the direction in which he was going; in riding in said car knowing that the lights were insufficient to illuminate the highway for a sufficient distance ahead of said car to permit the same to be stopped upon discovery of any obstacle in the highway; and riding in said car knowing or chargeable with notice that

the brakes of said car were insufficient to stop the same within space illuminated by the lights on said car and in wholly failing to use any care whatsoever for her own safety under the circumstances alleged by her in her petition, all of which independent acts of negligence upon her part proximately caused or contributed to cause the accident and injuries complained of by the plaintiffs."

Properly interpreted the allegations are to the effect that she was negligent in the particulars set out, and that all of such acts contributed to cause the collision. It appears from the concluding averment that it is independent *acts* of negligence which are alleged to be a contributing cause, and not the averment that she failed to use reasonable care. Such general averment is limited and controlled by the various acts of negligence specified. To the cases cited by the Court of Civil Appeals in support of this holding may be added the following: Pullman Co. v. Berkman, 70 S. W. (2d) 839; Debes v. Greenstone, 247 S. W., 289, and City of Fort Worth v. Ware, 1 S. W. (2d) 464.

The trial court submitted separate special issues inquiring whether Mrs. Rosen was negligent in respect to the particularized acts of negligence alleged, that is whether she was negligent in (1) failing to keep a lookout, (2) failing to warn Schepps as to the speed he was driving, and (3) failing to warn him as to the presence of the truck on the highway. These issues were answered to the effect she was not negligent in the particulars inquired about. Defendants alleged that Mrs. Rosen was negligent in two other particulars, in substance, that she was riding in an automobile knowing (1) its lights were defective, and (2) knowing its brakes were defective. The Court of Civil Appeals states the evidence did not raise an issue as to either of these averments. None was submitted or requested. It thus appears that Mrs. Rosen was not guilty of contributing negligence in any of the particulars alleged by defendants. The issue in response to which the general finding was made should not have been submitted. The affirmative response does not find negligence in any alleged particular, and affords no basis for a judgment.

In Fox Hotel Co. v. Dallas Hotel Co., 111 Texas, 461, 240 S. W., 517, the trial court submitted an issue inquiring whether Fox was guilty of contributory negligence in his conduct in, around and about the elevator shaft prior to or at the time of his injury. Objection was made on the ground the question submitted did not present separately each of the grounds of

contributory negligence pleaded, but was overruled. Judge Greenwood, speaking for the court in holding the submission erroneous under what is now Article 2189, R. S., 1925, says:

"In submitting either negligence or contributory negligence, special issues should be restricted to specific acts of negligence alleged and proven. It was no less improper to submit the general question of Fox's contributory negligence, over objection, without regard to the specific acts of negligence pleaded and supported by proof, than it would have been to have submitted the general question of defendant in error's negligence, without regard to the specific acts of negligence set out in plaintiff in error's petition."

The issue in question having no such support in the pleadings as to warrant its submission, the trial court did not err in disregarding the general finding made in response thereto. The verdict of the jury upon the specific findings relating to Mrs. Rosen's negligence, notwithstanding the general finding as to reasonable care, was sufficient to warrant a judgment in favor of plaintiffs on that phase of the case.

■ The court submitted several special issues on various alleged acts of negligence of George Schepps, inquiring whether he was negligent in the particulars therein set out respectively. In connection with and following each of such issues was another special issue inquiring whether the particular negligence inquired about was the sole proximate cause of plaintiff's damage. Defendants, before the charge was read to the jury, objected to the manner of submission on the ground that the effect of such submission was to tell the jury that "one specific act of negligence *must* constitute a sole proximate cause, whereas commingled acts, and one of which might be negligence," *could* constitute a sole proximate cause; and further stated in the objection made that instead of following each issue inquiring as to Schepps' negligence with an issue inquiring whether such negligence was the sole proximate cause of the collision, there should be submitted following the last such issue, one special issue "inquiring as to the sole proximate cause * * * in the form as follows, to-wit:

"Do you find from a preponderance of the evidence that such negligence of the said George Schepps, if any you have found, was the sole proximate cause of plaintiff's damage, if any? Answer 'Yes' or 'No.' Answer_____."

Defendants in connection with their objection duly re-

quested the submission of a special issue in the language of the foregoing form, which the court refused.

Such refusal was not error. The submission of the requested issue would have been in violation of Article 2189. Fox v. Dallas Hotel Co., supra. Nor is the court's charge justly subject to the criticism that it tells the jury that one specific act of negligence *must* constitute a sole proximate cause. One specific act *may* constitute the sole proximate cause of an event, but the submission of an issue inquiring whether a specified act of negligence is such proximate cause does not advise the jury, nor is it reasonably calculated to cause it to believe that such act *must* constitute a sole proximate cause.

■ Plaintiffs in error insist that the finding of the jury in answer to the special issue submitting whether the collision was not "an unavoidable accident" was in their favor in that the meaning of the answer given is that the accident was unavoidable. The issue and answer are not fairly subject to such construction. The form of submission reads: "Do you find from a preponderance of the evidence that the collision was not an unavoidable accident? Answer 'It was,' or 'It was not'." The burden was upon plaintiffs to establish that the collision was not "an unavoidable accident." In other words the burden was to establish "It was not." If the answer had been "It was," plaintiffs' burden would not have been discharged, in that such finding stated in full would have been, "It was an unavoidable accident." It was answered "It was not," hence plaintiffs' burden was discharged, in that the finding in full is "It was not an unavoidable accident." The holding of the trial court and Court of Civil Appeals upon this, as well as upon the other assignments presented by the record, is approved.

The court, in view of the lack of support in the pleadings to warrant submission of the general issue relating to the care exercised by Mrs. Rosen for her own safety, and in view of the findings made upon the other issues, did not err in sustaining plaintiffs' motion for judgment *non obstante verdicto*. Art. 2189, R. S., 1925.

Finding no error requiring a reversal of the case, the judgment of the trial court and Court of Civil Appeals are affirmed.

Opinion adopted by Supreme Court July 17, 1935.

Rehearing overruled October 9, 1935.