### MERRITT et al. v. PHŒNIX REFINING CO.

#### No. 9891.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 4, 1936.

Rehearing Denied March 31, 1937.

416

W. T. Scarborough, of Kenedy, and Shelton & Shelton and Everett L. Looney, all of Austin, for appellants.

R. H. Mercer, of San Antonio, for appellee.

SMITH, Chief Justice.

This action was brought by C. H. Merritt and wife against Phœnix Refining Company for damages for the wrongful death of their son, Willard Merritt, when struck by an oil truck belonging to the Refining Company. The accident occurred early in the night of New Year's Eve, 1934, a short distance south of the City of Kenedy, in Karnes County. The decedent was twenty-one years old at the time. The parties will be designated as in the trial court.

Young Merritt and two of his friends, Verna Smith and Bobbie Brown, were leaving town in an automobile to attend a dance in another community. When they reached the place of the accident, they pulled their car off the paved roadway and parked there, to enable young Merritt to carry a message to a Mr. Green, who resided some distance on the far side of the highway. When their car was stopped, Merritt got out on the right side, walked around the front of the car, and started across the road on his errand. When he got out in the roadway, the truck, approaching from the rear of the parked car, struck Merritt, who died the following morning from the injuries received in the accident.

The jury found that at the time of the accident the driver was operating the truck in excess of 25 miles per hour, and "in excess of that which is reasonably safe and prudent," without headlights, without sounding the horn, and without keeping a proper lookout. And the jury found that the driver of the truck was negligent in

each such particular, and that each such act or omission was a proximate cause of the accident.

The jury further found that the decedent, also, was guilty of negligence proximately causing his death, in that (1) he failed to keep a proper lookout, and (2) failed to keep such a lookout as a person of ordinary prudence would have kept. But the jury further found, on the contrary, as stated in appellant's brief, that:

"(a) He (decedent) did not fail to look to the left before attempting to cross the highway;

"(b) He did not fail to observe to the right and the left to ascertain whether he had time to cross the highway;

"(c) He did not fail to stop before attempting to cross the highway;

"(d) He did not fail to look before attempting to cross the highway;

"(e) He did not fail to listen before attempting to cross the highway;

"(f) He did not attempt to cross the highway when the front end of the truck was already past his position;

"(g) He did not run into the side of the truck when it was passing."

And, after thus finding that the decedent's death was proximately caused by the negligence of each of the parties, the jury found that his death was the result of an unavoidable accident, as defined in the court's charge.

Upon consideration of all these findings, the trial judge rendered judgment for the defendant, Refining Company. The Merritts have appealed.

Plaintiffs predicate the appeal upon five propositions of law. In their first proposition plaintiffs urge that the trial judge erred in submitting the issue of unavoidable accident and in rendering judgment for defendant upon that theory, it being contended by plaintiff that there was no evidence to raise that issue. We overrule the proposition. We find the evidence supported the issue, and conclude that, but for other matters, the finding thereon would have required a judgment for defendant.

■ In their second proposition plaintiffs contend that the finding of unavoidable accident was in direct and irreconcilable conflict with other findings to the effect that the accident was proximately caused by the negligence of each of the parties. We must sustain the proposition. The jury found each of the parties guilty of negligence in several particulars, and that the negligence of each and both parties proximately caused the accident.

■ It is elemental that, when an injury results from the failure of either party to exercise ordinary care to avoid such injury—that it was occasioned by the negligence of either party—it cannot be attributable to unavoidable accident. Unavoidable accident can occur only in the absence of negligence. Rosenthal Dry Goods Co. v. Hillebrandt (Tex.Com.App.) 7 S.W.(2d) 521; Dallas Ry. & Terminal Co. v. Darden (Tex.Com.App.) 38 S.W.(2d) 777, 779.

■ This being the case, the jury finding of unavoidable accident, and their several findings of negligence upon the part of the respective parties to the accident, were in irreconcilable conflict and afford no support to the judgment. Texas Interurban Ry. Co. v. Hughes (Tex.Com.App.) 53 S.W.(2d) 448.

As stated, the jury found, generally, that the decedent negligently failed to keep a proper lookout, and that such negligence was a proximate cause of the accident. On the other hand, however, the jury further found, in effect, that before attempting to cross the highway decedent stopped, looked, listened, "observed to the right and to the left to ascertain whether he had time to cross the highway." Plaintiffs contend, in their fourth proposition, that the general finding that the decedent failed to keep a proper lookout is in direct and irreconcilable conflict with the specific findings that before attempting to cross the road decedent stopped, looked up and down the highway, both to the right and left, and listened "to ascertain if he had time to cross the highway." Obviously, when a person, before attempting to go into a situation of potential danger, stops, listens, and looks in every direction whence such danger might come, he has performed every possible duty imposed upon him in such situation, except the duty of avoiding any danger disclosed by such caution. If he has taken all those precautions exacted of him by the duty to keep a proper lookout, then a general finding that he negligently failed to keep such lookout will not be given effect. The general and specific findings are indeed in irreconcilable conflict. They are inexplicable. They are irrational. Construed together, as they must be here, they mean nothing, and both should be disregarded. We sustain plaintiffs'

fourth proposition. Yarbrough v. Dallas, etc., Co. (Tex.Com.App.) 97 S.W.(2d) 169; Sherman Gas & Electric Co. v. Belden, 103 Tex. 59, 123 S.W. 119, 27 L.R.A.(N.S.) 237; Hines v. Foreman (Tex.Com.App.) 243 S.W. 479; Sproles v. Rosen, 126 Tex. 51, 84 S.W.(2d) 1001. The error of the trial court in rendering judgment upon conflicting findings, when it is not otherwise supported, requires reversal, but does not warrant rendition for plaintiffs. Hines v. Foreman (Tex.Com.App.) 243 S.W. 479. The matters presented in plaintiffs' third and fifth propositions are not material to the decision, and, as they will probably not arise in a future trial, we forego discussion and decision of them.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

■ In its motion for rehearing defendant stresses its contention that the evidence shows, as a matter of law, that the decedent was guilty of contributory negligence, and that such negligence was the proximate cause of the accident and injury. We are of the firm opinion that defendant's contention is not supported by the record. Under the circumstances, we deem it appropriate to discuss the point.

In determining the question, this court must consider the evidence in the light most favorable to the party charged with negligence. The case will be stated in that light.

The accident occurred on New Year's Eve, at between 7:30 and 8 o'clock p. m., which at that time of the year in this area is after nightfall. The testimony varies as to the degree of darkness. One of the decedent's companions testified that it was dark, but that the moon was shining; his other companion that "the moon was shining bright as day; in fact, a fellow didn't need any light." The driver of defendant's truck, which struck the decedent, testified, in answer to a question as to whether it was dark, that "yes, I believe it was dark." Another witness, who passed the scene of the accident immediately after it happened, testified that it was dark, so dark that, although he saw decedent's car and defendant's truck, parked, he did not see decedent lying by the roadside. Another witness, Green, who lived near-by, testified that it was "dusk," that it was "dim; moon was shining"; that "it was dark;" and he saw the car and truck only by the headlights—"I didn't see much of anything."

Another near-by resident testified that it "wasn't real dark, just dusk, partly dim, moon was shining." The driver of the death truck testified, further, that he saw decedent only as the latter passed in front of the lights of his own car. This question of the degree of darkness is material upon the issue of contributory negligence.

■ We now come to the matter of the conduct of decedent leading up to the accident. Decedent and his two companions, Verna Smith and Bobbie Brown, all residents of Kenedy, were riding in a car owned by their friend, one Green. They had used the car during the afternoon, and wanted Green's permission to use it that night in going to a New Year's Eve dance 18 miles distant from Kenedy. To that end they drove to the gate leading to Green's premises, a quarter of a mile south of the town. Bobbie Brown was driving. As they neared Green's gate, on the opposite side of the highway, and before pulling over and stopping the car, the driver looked to the rear to "see if a car was coming," but saw none. Being thus satisfied, he "turned off the highway about three or four feet," stopped the car and again looked back, but saw no cars approaching from the rear. He left his engine running, which tended to neutralize other noises thereabout. The decedent, who was to make the request of Green, at once got out of the parked car, on the right side, went around the front end of the car, to cross back over to the gate, on the opposite side of the highway. He started across the highway, and, when he got 3 or 4 feet over on the paving, he was struck by the front end of the right front fender of defendant's truck, as it came down the highway from the rear of decedent's car. He was thrown by the impact to the hood of the truck, thence against the windshield with such force as to wrap his body around the left corner of the cab, and thence to the paving, after the truck had carried him about 100 feet down the road. He died early the next morning from the injuries resulting from the accident. The issue of contributory negligence is determinable from the acts and conduct of the decedent from the time his car stopped to the time of the collision. The testimony upon that issue is deemed too vague and indefinite to convict the decedent of negligence, or that such negligence proximately caused the accident, both as matters of law. The maximum sum and substance of the evidence is that

the decedent got out of his car, which was parked 3 or 4 feet to the right of the paved roadway, walked around the front of his car, turned to the left, started across the paving, and, when he got 3 or 4 feet over on the paving, was struck by the truck as it came up from the rear of his parked car. He was walking "fast, not running," when going around his car. There is no evidence that he took no precaution before actually entering on the paving; no evidence that he did not pause to look or listen, or take any precaution to ascertain or satisfy himself that no cars were approaching from either direction. The presumption in law is that he exercised the caution of a person of ordinary prudence before going into the dangers of such an undertaking, and, before he can be condemned as a matter of law, that presumption must prevail until it is overcome by evidence of such nature and from such sources as would require a jury to find, not only that he negligently failed to exercise such caution, but that, under all the circumstances of the case, such negligence was the proximate cause of the injuries complained of. In determining the issues of negligence and proximate cause, all the relevant circumstances of the situation must be taken into consideration. Darkness had set in against some degree of moonlight. The death truck, an oil tanker, came rolling around a double curve in the highway, at a speed of 50 miles an hour, without lights, without sounding horn, or giving any other warning of its approach. The driver of decedent's car had just looked back up the highway, both before pulling off to park by the roadside, and again as he brought his car to a stop, but could not see the approaching truck, then very near at hand. In fact, the driver and his companion had no intimation, by sight or sound, of the near presence of the truck until it was alongside their car—they "just saw a black bulk go by," and strike the decedent. Decedent had left his car the moment it came to a stop. The evidence does not show whether or not, in getting out of the car, or in going around it, or in approaching or entering upon the roadway, he paused, listened, or looked back up the highway, to ascertain if the way was clear for him to cross. If he did, it is reasonable to assume that he could not have seen the approaching truck, any more than his driver saw it when he twice looked back, at and just before the moment, for the same purpose; it was in the nighttime, the truck

had no lights, and was coming around a curve. There is no occasion here to speculate on the effect upon the case if the decedent did not stop, look, or listen, for there is no evidence that he did not do so, at least at some juncture of his movements in getting out of and going around the car and entering upon the paving, and thereby satisfy himself that the way was clear. The law did not exact of him the duty of looking, at some precisely fixed moment, for a particular danger. He was occupied in the process of getting out of his car, observing the terrain and avoiding the obstacles, if any, in his path to the pavement, and those considerations, as well as that of avoiding the danger of possible approaching cars, are presumed to have engaged his attention. The driver of the death truck did not testify, nor did any witness testify, that the decedent did not stop, look, or listen at any time; the driver's testimony showed that he did not know about these facts. Upon this issue of the alleged contributory negligence of the decedent, he testified that "I was coming around a double curve; when I came to the first curve I seen a car (decedent's) parked a hundred yards from the first curve on the righthand side, same way I was going; there were lights burning (on decedent's car) and when I got just about even there was a boy running from their car, headed towards the opposite side of the highway." He further testified that he saw decedent "just as he passed the headlights of their car," which was parked 3 feet off the pavement, "saw him running when he passed that headlight. * * * He was running when he passed the headlights" of his car, but that he did not know where the decedent was looking. (Other witnesses testified the decedent was not running, although he "walked fast" around his car.) This testimony of the truck driver, coming from any source, much less from so interested a witness as the driver of the death car, was not so positive or definite or inclusive as to overcome the presumption of law in the decedent's favor, as well as all the other evidence and circumstances in the case tending to negative the decedent's negligence, or to authorize this court to hold him guilty, as a matter of law, and to hold further, as a matter of law, that the decedent's alleged negligence was the proximate cause of the accident. We hold that the record is not such as to show, conclusively and as matters of law, that the decedent was guilty of contributory

negligence, and that such negligence was the proximate cause of his injuries.

Appellee relies upon the case of Koock v. Goodnight (Tex.Civ.App.) 71 S.W.(2d) 927, to support its contention that the decedent in this case was guilty of contributory negligence proximately causing his injuries, as a matter of law. That case is not deemed in point, for in it the accident occurred in the daytime, and the conduct of the decedent was shown in detail by eyewitnesses, who saw and testified to her every act, including her failure to look, listen, or take the slightest precaution against collision with an oncoming car, in plain sight, which she ran against as it was passing at a moderate rate of speed. The evidence in that case was not disputed, or its effect qualified by any testimony or circumstance, and by it every element of contributory negligence, and of sole proximate cause, was affirmatively proved by the defendant in the case, upon whom the burden rested. In this case the defendant failed to meet that burden.

We stated as a conclusion, in the original opinion, that the evidence raised the issue of unavoidable accident. In view of reversal upon other grounds, and of another trial, we withdraw that conclusion, which is not necessary to this decision. We prefer that the question be relegated to the trial court, without any expression which may influence its development or submission there.

Appellee's motion for rehearing is overruled.