Deborah L. INGLES, Individually and as next friend of Joseph M. Ingles, a minor, Appellant,

v.

Robert T. COHEN, Appellee.

No. 5626.

Court of Civil Appeals of Texas, Waco.

Nov. 12, 1976.

Rehearing Denied Dec. 2, 1976.

Pat Maloney, San Antonio, for appellant.

Southers, Goldberg, Lyons & Huson, Inc., San Antonio, for appellee.

## OPINION

JAMES, Justice.

In this case the Appellant asserts a fatal conflict in the jury verdict. The trial court harmonized the apparent conflict and thereby entered judgment that Appellant take nothing against Appellee. We affirm.

Plaintiff-Appellant Deborah L. Ingles, Individually and as Next Friend of Joseph M. Ingles, her minor son two months of age, brought this suit against Defendant-Appellee Robert T. Cohen and against Defendants Harold Andrew Harwell, Amy Harwell, Susan Cooley, Jean Love, and Frances Foley. This suit was brought under the Wrongful Death Statute, Articles 4671 et seq., Vernon's Texas Civil Statutes.

Plaintiff-Appellant alleged that on or about September 9, 1973, her deceased husband James M. Ingles was an invitee at a swimming facility owned and operated by Defendants Harold Andrew Harwell, Amy Harwell, Susan Cooley, Jean Love, and Frances Foley, said Defendants being hereinafter referred to as "the owners." Defendant-Appellee Cohen was also using the same swimming facility, and Plaintiff alleges that "without keeping a proper lookout said Defendant (Cohen) jumped from a bluff approximately 45 feet in height, and while plunging to the water, struck James M. Ingles, rendering him unconscious and causing his death by drowning."

The case was submitted to a jury under the Texas Comparative Negligence Statute, Article 2212a, Vernon's Texas Civil Statutes. Appellant contends there is a fatal conflict in the jury's answers to Special Issues.

In answer to Special Issue No. 1, the jury failed to find that Defendant Cohen (a) failed to keep a proper lookout, (b) attempted to jump into the water at a time when a person using ordinary care would not have done so, and (c) failed to warn the deceased James M. Ingles of his approach. In other words, the jury failed to find Defendant Cohen guilty of any negligence.

Likewise in answer to Special Issue No. 3, the jury failed to find that the deceased Ingles failed to keep a proper lookout. That is to say, the jury failed to find the deceased Ingles guilty of any negligence.

The jury found in answer to Special Issue No. 5 that the owners were guilty of negligence in failing to provide sufficient supervisory personnel to protect the safety of persons using the premises, and in answer to Special Issue No. 6 that this was a proximate cause of the occurrence in question.

Then in answer to Special Issue No. 7, which was the comparative negligence question, the jury found: (a) the deceased Ingles was 30% negligent, (b) the owners were 40% negligent, and (c) Defendant-Appellee Cohen was 30% negligent.

The jury found zero damages in favor of Plaintiff-Appellant Deborah L. Ingles, the widow (individually), and $25,000.00 damages in favor of the deceased's minor son.

Based upon the jury verdict, the trial court entered judgment in favor of Plaintiff-Appellant against the owners of the swimming facility in the amount of $25,000.00, and adjudged that Plaintiff-Appellant take nothing against Defendant-Appellee Cohen. Subsequent to said judgment, Plaintiff-Appellant settled with the landowners, and no appeal is sought against

said owners. The transcript shows a release of judgment which recites that the owners paid Plaintiff-Appellant $25,000.00, the full amount of the judgment.

Plaintiff-Appellant comes to this court appealing against Defendant Cohen only, asserting a fatal conflict between the jury's answers to Special Issues Nos. 3 and 7a.

As stated above, the jury failed to find in answer to Special Issue No. 3 that the deceased Ingles failed to keep a proper lookout, thereby acquitting the deceased of negligence; whereas, in answer to Special Issue 7a, the jury found the deceased Ingles to be 30% negligent. Appellant contends this is a fatal conflict which necessitates a reversal and remand for new trial of the case against Cohen. We do not agree.

As stated above, in answer to Special Issue No. 1, the jury failed to find Defendant-Appellee Cohen guilty of any negligence, upon three specific grounds submitted to the jury. These findings (or failure to make findings) are not challenged by Plaintiff-Appellant. Likewise in answer to Special Issue No. 3, the jury specifically acquitted the deceased Ingles of negligence. On the other hand, Special Issue No. 7 is a general type issue, the purpose of which is not to establish liability but to allocate the percentages of negligence between the parties.

■ The specific findings (or rather failures to find) with reference to liability, control over the general findings of percentages of negligence as answered by the jury to Special Issue No. 7. In other words, in answer to Special Issue No. 1, the jury acquitted Defendant-Appellee Cohen of any negligence; and in answer to Special Issue No. 3 the jury acquitted the deceased Ingles of any negligence. This being so, these specific issues directed toward the liability aspect of the verdict control over the jury's

answers to Special Issue No. 7 to the effect that Cohen and the deceased were each 30% negligent. We have no fatal conflict here, but rather an apparent conflict which was properly harmonized and reconciled by the trial court. See *Howard v. Howard*, (Tex. Civ.App. Austin 1937) 102 S.W.2d 473, writ refused; *Benson v. M. K. and T. Railway Co.* (Tex.Civ.App. Dallas 1946) 200 S.W.2d 233, NRE (a Federal Employees Liability Act case, wherein comparative negligence was at issue); *Howard v. Bachman* (Tex. Civ.App. Eastland 1975) 524 S.W.2d 414, no writ (a case tried under Article 2212a, Vernon's Texas Civil Statutes, our comparative negligence statute); *Wilkinson v. Southern Farm Supply Association* (Tex.Civ.App. Amarillo 1966) 409 S.W.2d 435, NRE. It was held early in our special issue practice that specific findings of negligence and contributory negligence control over general findings of such. See *Sproles v. Rosen* (Com.App.1935) 126 Tex. 51, 84 S.W.2d 1001, opinion adopted.

■ It is the duty of the trial court to reconcile apparent conflicts in the jury's findings if this can be reasonably done in the light of the pleadings and the evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole. *Ford v. Carpenter* (Tex.1949) 147 Tex. 447, 216 S.W.2d 558; 57 Tex.Jur.2d, "Trial", par. 550, pp. 288 et seq.

For the foregoing reasons, judgment of the trial court is affirmed.

AFFIRMED.