TENNESSEE GAS PIPELINE
COMPANY, Relator,

v.

Honorable Percy A. HARTMAN, County
Judge, et al., Respondents.

No. 1285.

Court of Civil Appeals of Texas,
Corpus Christi.

Sept. 22, 1977.

Robert J. Patterson, Keys, Russell, Seaman & Mansker, Corpus Christi, for relator.

James M. Whitten, R. D. Hatch, Sinton, for respondents.

OPINION

PER CURIAM.

This is an original mandamus proceeding. Relator's motion for leave to file was grant-

ed on September 15, 1977, and a hearing on the application for mandamus was held on September 20, 1977. The Respondents, although duly notified, did not appear in this Court.

This Court of Civil Appeals has jurisdiction to entertain the application for writ of mandamus under Tex.Rev.Civ.Stat.Ann. art. 1824 (1967) which reads as follows:

"Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

This proceeding was brought by Relator, Tennessee Gas Pipeline Company, seeking to compel Respondent, the Honorable Percy A. Hartman, in his capacity as County Judge of San Patricio County, Texas, to enter judgment on a verdict received in a jury trial case styled "C. F. Spiekerman v. Tenneco," Cause No. 2537. The Respondent ordered a mistrial on the sole ground that the jury verdict contained conflicting issues.

In October, 1976, C. F. Spiekerman filed suit in San Patricio County Court against Relator seeking to recover $636.84 for damages sustained by his tractor when Gilberto Rosa, employee of Plaintiff and operator of the tractor, collided with an allegedly obscure pipeline marker owned by Relator.

Plaintiff alleged that Relator was negligent in allowing weeds to grow around and hide the marker and that such negligence was the proximate cause of the accident. Relator denied such allegations and alleged contributory negligence by Plaintiff and/or Gilberto Rosa. Relator further filed a counterclaim for $899.56, the cost of repairing the damaged pipeline marker, and alleged that Plaintiff and/or Gilberto Rosa were negligent, and that such negligence was the proximate cause of the collision and Relator's damage.

The case went to jury trial on August 11, 1977. Trial ended that same day and Respondent submitted nine (9) Special Issues to the jury. The pertinent issues submitted and their respective answers appeared as follows:

"ISSUE NO. 1

On the occasion in question did the Defendant, Tennessee Gas Pipeline Company fail to keep the area in question as free of weeds as a pipeline company of ordinary prudence would have kept the area in question.

Answer: 'Yes' or 'No'.

Answer: __No__

If you have answered Issue No. 1 'Yes', and only in that event, answer Issue No. 2; otherwise, do not answer Issue No. 2.

ISSUE NO. 2

Was such failure a proximate cause of the occurrence in question:

Answer 'Yes' or 'No'.

Answer: _____

ISSUE NO. 3

Do you find from a preponderance of the evidence that on the occasion in question Gilberto Rosa failed to keep such a lookout as a person using ordinary care would have kept?

Answer 'we do' or 'we do not'.

Answer: __We do__

If you have answered Issue No. 3 'we do,' then answer Issue No. 4; otherwise do not answer Issue No. 4.

ISSUE NO. 4

Do you find from the preponderance of the evidence that such failure was a proximate cause of the occurrence in question?

Answer 'We do' or 'We do not.'

Answer: __We do__

ISSUE NO. 5

Do you find from a preponderance of the evidence that on the day in question C. F. Spiekerman failed to inform Gilberto Rosa of the Tennessee Gas Pipeline vent as a person using ordinary care would have done?

Answer: 'He did so fail' or 'He did not so fail'.

Answer: _He did so fail_

If you have answered issue no. 5 'He did so fail', then answer issue no. 6; otherwise do not answer issue no. 6.

### ISSUE NO. 6

Do you find from a preponderance of the evidence that such failure to inform Gilberto Rosa of the Tennessee Gas Pipeline vent was a proximate cause of the occurrence in question?

Answer: 'We do' or 'We do not'.

Answer: _We do_

### ISSUE NO. 7

If, in answer to Issues Nos. 2, 4, and 6, you have found that the acts or omissions of more than one person proximately caused the occurrence in question, then answer the following issue; otherwise, do not answer the following issue. For the purpose of your answer to the following issue, negligence includes any act or omission found by you in answers to such issues to have been a proximate cause of the occurrence in question.

What percentage of the negligence that caused the occurrence do you find from a preponderance of the evidence to be attributable to each of the parties found by you to have been negligent?

The percentage of negligence attributable to a party is not necessarily measured by the number of acts or omissions found.

Answer by stating the percentage, if any, opposite each name.

| | | |
|---|---|---|
| C. F. Spiekerman | _50_ | % |
| Tennessee Gas Pipeline Company | _50_ | %" |

Upon the jury's return to the courtroom and delivery of their answers, Respondent read the questions and answers aloud. The foreman of the jury further informed the Respondent that the above findings were unanimous. The jury was then dismissed.

Plaintiff's counsel thereafter moved for a mistrial because of conflict in the answers to special issues. The mistrial was granted.

On August 24, 1977, Relator filed a Motion for Judgment on the Jury Verdict. Said motion was denied and Respondent, Judge Hartman, entered the following order:

### "ORDER OVERRULING MOTION FOR JUDGMENT AND DECLARING MISTRIAL

On this the _24th_ day of August, 1977, came on to be heard Defendant's Motion for Judgment, and it appearing to the Court that the Jury had unanimously answered Special Issues # 1, 3, 4, 5, 6, 7, 8, and 9, and such a verdict being received and accepted by the Court, but the Court being of the opinion that the verdict returned contains issues which materially conflict, it is therefore, ORDERED, ADJUDGED AND DECREED, that Defendant's Motion for Judgment be, and the same is hereby, overruled and, based solely upon the foregoing recital, as to conflicting issues contained in the verdict, a mistrial is declared.

SIGNED AND ORDERED ENTERED this _24th_ day of _Aug._, 1977.

_/s/ Percy A. Hartman_
PRESIDING JUDGE"

Relator contends that the answers to issues one and seven are not in irreconcilable conflict because the jury's negative answer to the liability issue, issue number one, rendered the jury's answers to the comparative negligence issue, issue number seven, immaterial, and therefore, it was the ministerial duty of the judge to enter a judgment based on the verdict.

■ It is the well established rule that appellate courts will not review by mandamus an action of the trial court granting a new trial while the trial court still has jurisdiction of the cause. *Johnson v. Court of Civil Appeals For Seventh Supreme Judicial District of Texas*, 162 Tex. 613, 350 S.W.2d 330 (1961); *City of Perryton v. Boyer*, 423 S.W.2d 170 (Tex.Civ.App.—Amarillo 1968) (mandamus denied); *Allan v. Materials Transportation Company*, 372 S.W.2d

744 (Tex.Civ.App.—Corpus Christi 1963, no writ). The Supreme Court has recognized two exceptions to this rule. First, the trial court's order for a new trial can be set aside by mandamus when the trial court's order granting the motion is wholly void. Second, mandamus will also lie when the trial court has granted a motion for a new trial specifying in the written order as the sole and exclusive ground, the existence of an irreconcilable conflict in the jury's answers when, as a matter of law, no irreconcilable conflict exists. *Johnson v. Court of Civil Appeals For Seventh Supreme Judicial District of Texas*, 162 Tex. 613, 350 S.W.2d 330 (1961); *King v. Smith*, 459 S.W.2d 202 (Tex.Civ.App.—Corpus Christi 1970) (partial verdict sufficient to support a judgment; mandamus granted); *Spikes v. Smith*, 386 S.W.2d 346 (Tex.Civ.App.—Corpus Christi 1965) (mandamus denied).

The case before us involves an order declaring a mistrial and not the granting of a new trial. Although mistrial and new trial are not the same, it has been held that the similarity between them is sufficient to bring a trial court's order granting a mistrial within the rule laid down by the Supreme Court in the *Johnson* case above cited. *Ware v. Marquez*, 511 S.W.2d 594 (Tex.Civ.App.—El Paso 1974) (mandamus denied); *Jones v. Smith*, 470 S.W.2d 305 (Tex.Civ.App.—Houston [1st Dist.] 1971) (mandamus denied); *Allen v. Long*, 408 S.W.2d 342 (Tex.Civ.App.—Dallas 1966) (mandamus denied); *Meyer v. State ex rel. Lefler*, 372 S.W.2d 764 (Tex.Civ.App.—Beaumont 1963) (mandamus denied).

█ Where there is no irreconcilable conflict in the jury findings, it is the ministerial duty of the judge to enter a judgment on the verdict. *Traywick v. Goodrich*, 364 S.W.2d 190 (Tex.Sup.1963) (mandamus granted); *Spikes v. Smith*, 386 S.W.2d 346 (Tex.Civ.App.—Corpus Christi 1965) (mandamus denied). The trial court must reconcile apparent conflicts in the jury's findings if this can reasonably be done in the light of the pleadings and the evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole. *Ford v. Carpenter*, 147 Tex. 447, 216 S.W.2d 558 (1949).

█ In this case, the only apparent conflict in the jury's findings is a conflict between the liability issue, Special Issue No. 1, absolving Relator of negligence and the comparative negligence issue, Special Issue No. 7, apportioning 50% of the total negligence to Relator. The case of *Ingles v. Cohen*, 543 S.W.2d 455 (Tex.Civ.App.—Waco 1976, writ ref'd n. r. e.) is factually similar to the present case. In *Ingles*, the Court held that a trial judge properly harmonized any apparent conflict between a specific finding of no negligence in the liability issue and an apportionment of negligence to the plaintiff in the subsequent comparative negligence issue. In so holding, the court noted that the specific finding directed toward the liability aspect of the verdict controls over the general findings of comparative negligence. We agree with this holding. See also *Sproles v. Rosen*, 126 Tex. 51, 84 S.W.2d 1001 (Tex.Com. App.1935, opinion adopted).

The trial court should have reconciled any apparent conflict in the jury's findings and should have entered judgment on the jury's verdict. We are confident that the Respondent will now proceed in accordance with the law as we have set it out herein without the necessity of our issuing a writ of mandamus, but in the event he should fail to so proceed, the necessary writ will be issued to insure that this opinion is given effect.