Billy Ray WILLIAMS et al., Appellants,

v.

Coney Ray FINLEY, Appellee.

No. 8895.

Court of Civil Appeals of Texas, Amarillo.

June 12, 1978.

Rehearing Denied July 3, 1978.

Fillmore, Lambert, Farabee, Purtle & Lee, Larry Lambert, Wichita Falls, for appellants.

Richard D. Bird, Childress, for appellee.

REYNOLDS, Justice.

Judgment was rendered for plaintiff's full damages on a jury verdict embracing findings that both plaintiff and a defendant committed acts which were the proximate causes of a rear-end collision, but apportioning the negligence which caused the occurrence at zero per cent for plaintiff and one hundred per cent for the defendant. Plaintiff's specific liability being unchallenged, the answer that none of his negligence caused the occurrence is against the great weight and preponderance of the evidence. Reversed and remanded.

Coney Ray Finley brought this action to recover for the personal injuries he sustained in a rear-end collision on US Highway 287 about five miles west of Quanah in

Hardeman County, Texas. At that point, the highway, to accommodate two-way movement of traffic, is divided by a wide grass median into two roadways, each of which consists of two lanes for vehicular traffic and improved asphalt shoulders. The pickup truck Finley admittedly was driving with two wheels in the right hand lane and two wheels on the shoulder was struck from the rear by a tractor trailer driven by Billy Ray Williams in the course of his employment for Shoelman Lines of Texas, Inc.

In response to the submission of the cause under the Texas Comparative Negligence Act, Tex.Rev.Civ.Stat.Ann. art. 2212a (Supp.1978), the jury found that each of Williams' failures to keep a proper lookout, to make timely application of his brakes, and to turn left timely was a proximate cause of the collision, and that Finley's driving partly on the roadway and partly on the shoulder was a proximate cause of the collision. To the issue,

> What percentage of the negligence that caused the occurrence do you find from a preponderance of the evidence to be attributable to each of the drivers found by you to have been negligent?,

the jury answered: "Mr. Finley ___0%___" and "Mr. Williams 100%." Finley's total damages were assessed at $93,000 by the jury.

Finley moved for judgment on the verdict; Williams and Shoelman Lines moved for a mistrial. The court, reducing the jury's award for past medical expenses by $82.55 to conform to the undisputed evidence, rendered judgment in favor of Finley for the sum of $92,917.45.

Williams and Shoelman Lines appeal from the judgment. The major portion of the appellate presentation is concerned with their contention, and Finley's denial, that there is an irreconcilable conflict between the jury's finding that Finley's negligence was a proximate cause of the collision and the finding that none of the negligence that caused the collision is attributable to Finley. It is unnecessary to address that contention directly, for Williams' and Shoelman Lines' point of error directed to the factual suffi-ciency of the evidence to support the finding that none of the negligence which caused the collision is attributable to Finley must, under this record, be sustained.

■ No party objected to the charge or to the receipt of the verdict. The parties treat the verdict as sufficient to establish, and they represent, that Williams committed three negligent acts, that Finley committed one negligent act, and that each act committed was a proximate cause of the collision. We shall regard the verdict in the same light. *Accord, Texas Employers' Ins. Ass'n. v. Portley*, 153 Tex. 62, 263 S.W.2d 247, 248 (1953). There being the representation of, and no challenge to, these specific findings of liability, they are binding on appeal. *B. F. & C. M. Davis Co. v. W. E. Callaghan Const. Co.*, 298 S.W. 273, 276 (Tex.Comm'n App.1927, holding approved); *Zapata County v. Llanos*, 239 S.W.2d 699, 701 (Tex.Civ.App.—San Antonio 1951, writ ref'd n. r. e.). Moreover, by moving in writing for judgment on the verdict, Finley affirmed that the findings are supported by the evidence and he is bound thereby. *American Surety Co. v. Whitehead*, 45 S.W.2d 958, 961 (Tex.Comm'n App.1932, holding approved).

■ A familiar principle of our special issue practice is that specific findings of liability control over general findings respecting liability. *Sproles v. Rosen*, 126 Tex. 51, 84 S.W.2d 1001, 1003 (1935). When applied to a comparative negligence situation, the principle dictates that issues establishing or negating liability control over the issue which apportions, rather than establishes, negligence. *Tennessee Gas Pipeline Company v. Hartman*, 556 S.W.2d 616, 619 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Ingles v. Cohen*, 543 S.W.2d 455, 457 (Tex.Civ.App.—Waco 1976, writ ref'd n. r. e.); *Howard v. Bachman*, 524 S.W.2d 414, 416–17 (Tex.Civ.App.—Eastland 1975, no writ). So here, the determination that the concurring negligence of Williams and Finley proximately caused the collision controls over any apportionment of their negligence for the collision.

The legal effect of the specific liability findings is to establish a causal connection between Williams' and Finley's concurring negligence and Finley's damages. The Texas Comparative Negligence Act mandates that a plaintiff's negligence, if not greater than defendant's, shall not bar his recovery, but that any damages allowed plaintiff shall be diminished in proportion to the amount of negligence attributed to him. The negligence contemplated by the Act is that negligence which was a proximate cause of the occurrence in question. *Howard v. Bachman, supra,* at 416.

With the affirmation that the evidence supports the finding that Finley's negligence was a proximate cause of the collision, the same evidence attributes to Finley some percentage of the negligence which caused the collision. Finley does not suggest, and we do not visualize, any circumstance of record which would tend to prove, or reasonably lead to the inference, that none of his negligence caused the collision. Instead, he does suggest that the "0%" answer is a figure of an amount which evinces the jury's finding that his negligence was de minimis. If, however, that were the conclusion actually reached by the jury, then some percentage greater than zero was required to be fixed, for, by definition, minimis is at least something while "0" is a cipher for zero and, hence, amounts to nothing. Webster's New International Dictionary (2nd Ed.).

Thus, given the evidentially supported and controlling finding that Finley's negligence was a proximate cause of the collision, the portion of his negligence which caused the collision could not be zero. Accordingly, the "0%" answer is against the great weight and preponderance of the evidence in this record.

The judgment of the trial court is reversed, and the cause is remanded.