Javier L. BELTRAN, Appellant,

v.

**BROOKSHIRE GROCERY COMPANY**
**d/b/a Brookshire Food Stores,**
**Appellee.**

**No. 05–09–01548–CV.**

Court of Appeals of Texas,
Dallas.

May 10, 2011.

Rehearing Overruled Feb. 23, 2012.

264

William A. Forteith, Bailey & Galyen, Dallas, TX, for Appellant.

Barton Lance Ridley, Dawn Christine Woelfel Hansen, Touchstone, Bernays, Johnstone, Beall, Smith, Dallas, TX, for Appellee.

Before Justices RICHTER, LANG, and MYERS.

## OPINION

Opinion By Justice MYERS.

This appeal arises from a premises liability lawsuit brought by appellant, Javier L. Beltran (Beltran), against appellee, Brookshire Grocery Company d/b/a Brookshire Food Stores (Brookshire). Following a jury verdict, the trial court entered a take-nothing judgment in favor of Brookshire. In five issues, Beltran challenges the trial court's resolution of allegedly irreconcilable jury findings. We reverse and render judgment for Beltran, and remand this cause to the trial court.

### BACKGROUND AND PROCEDURAL HISTORY

This premises liability case arose when Beltran slipped while shopping at a grocery store in Terrell, Texas, that was operated by Brookshire. Beltran sued Brookshire for negligence, and the case was tried before a jury. After the close of testimony and final arguments, three issues were submitted to the jury. The first issue reads as follows:

#### Special Issue No. 1

Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" to each of the following:

Javier Beltran _____

Brookshire Grocery Co. _____

The court's charge then instructed the jury that if it "answered 'Yes' to Question 1 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question," special issue number two, which reads as follows:

### Special Issue No. 2

For each person you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

Javier Beltran _____

Brookshire Grocery Co. _____

TOTAL 100%

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100%. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributable to that one in answering another question.

Special issue three asked, "What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Javier Beltran for his injuries, if any, that resulted from the occurrence in question?" The jury was then asked to consider (a) "Physical pain and mental anguish sustained in the past"; (b) "Physical pain and mental anguish that, in reasonable probability, Javier Beltran will sustain in the future"; (c) "Physical impairment sustained in the past"; (d) "Physical impairment that, in reasonable probability, Javier Beltran will sustain in the future"; and (e) "medical care incurred in the past."

During their deliberations, the jury sent a note to the trial court asking, "Do we have to answer Special Issue No. 1 if we have followed through and answered all of the other questions?" The trial court's response to this inquiry was "yes." Shortly thereafter, the jury returned a unanimous verdict. It answered special issue one "no" for Beltran and "yes" for Brookshire, and then apportioned responsibility in special issue two as 75 percent for Beltran and 25 percent for Brookshire. The jury found damages in special issue three for past medical care in the amount of $27,000, and answered "0" to all of the other parts of the question.

The trial court polled the jurors regarding their answers and confirmed the jury's answers to the charge as set forth above. After the jury returned to the jury room, Beltran's trial counsel asked the court to receive the verdict. Neither party objected to the jury's findings or to receipt of the verdict. The court accepted the verdict and dismissed the jury.

Both parties filed post-verdict motions to disregard specific jury answers. Brookshire asked the court to harmonize the jury's findings and disregard the answer to special issue one because that answer was rendered immaterial by the answers to special issue two. Brookshire also argued that the jury's response to special issue one was the likely result of "invited error" by the court. Brookshire asked the court to either enter a take-nothing judgment in favor of Brookshire because the jury's finding that Beltran was more than fifty percent responsible barred the plaintiff's recovery, or enter a judgment for Beltran for $6750 based on the jury's finding that Brookshire was twenty-five percent responsible for the occurrence in question.

Alternatively, Brookshire sought a new trial. Beltran moved for judgment based on the verdict and to hold the jury's answer to special issue two immaterial in light of its answer to special issue one.

The trial court's judgment stated:

The jury answered [s]pecial issue no. 2 even though the court's instructions were clear that question no. 2 was not to be reached unless both parties were found negligent. The jury answered question no. 2 first, and then sent out a note to the court asking if question no. 1 had to be answered. The court informed the jury that it must answer question no. 1.

The court's judgment concluded judgment should be rendered in favor of Brookshire because "[t]he defendant was found to be negligent, but the negligence was limited to 25%." The court ordered that Beltran take nothing.

## DISCUSSION

In five issues, Beltran argues the trial court erred by (1) not awarding judgment for Beltran based upon the jury's answer to special issue one (where only Brookshire was found negligent), which rendered the jury's answer to special issue two immaterial; (2) disregarding the jury's answer to special issue one; (3) disregarding special issue one on its own motion because no special evidentiary basis concerning Beltran's negligence "was presented post-verdict to the court for its review"; (4) awarding judgment for Brookshire by disregarding the jury's finding of "no negligence or proximate cause on the part of plaintiff"; and (5) awarding a take-nothing verdict for Brookshire "because no comparison should have been made."

■ When determining whether jury findings irreconcilably conflict, appellate courts apply a de novo standard of review. *Bender v. S. Pac. Transp. Co.*, 600 S.W.2d 257, 260 (Tex.1980); *Ford Motor Co. v. Miles*, 141 S.W.3d 309, 314 (Tex.App.-Dallas 2004, pet. denied). In reviewing jury findings for conflict, the threshold question is whether those findings address the same material fact. *Bender*, 600 S.W.2d at 260; *Miles*, 141 S.W.3d at 314. We may not strike down jury answers on the basis of conflict if there is any reasonable basis on which they can be reconciled. *Bender*, 600 S.W.2d at 260; *Miles*, 141 S.W.3d at 314. We must reconcile apparent conflicts in the jury's findings if reasonably possible in light of the pleadings and evidence, the manner of submission, and the other findings considered as a whole. *Bender*, 600 S.W.2d at 260; *Miles*, 141 S.W.3d at 314–15. We do not determine whether the findings may reasonably be viewed as conflicting; to the contrary, the question is whether there is any reasonable basis upon which the findings may be reconciled. *Bender*, 600 S.W.2d at 260; *Miles*, 141 S.W.3d at 315. However, if "one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict." *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 206, 222 S.W.2d 985, 991 (1949), *modified on other grounds by Bradford v. Arhelger*, 161 Tex. 427, 340 S.W.2d 772 (1960); *Miles*, 141 S.W.3d at 316; *Otis Spunkmeyer, Inc. v. Blakely*, 30 S.W.3d 678, 689 (Tex.App.-Dallas 2000, no pet.). If we determine that a fatal conflict exists, we must remand to the trial court for a new trial. *Miles*, 141 S.W.3d at 315.

■ The general rule is that a complaint regarding conflicting jury findings is waived if a party does not object before the jury is discharged. *See, e.g., Cressman Tubular Prods. Corp. v. Kurt Wiseman Oil & Gas, Ltd.*, 322 S.W.3d 453, 462–63 (Tex.App.-Houston [14th Dist.] 2010, pet. filed); *Izen v. Comm'n For Lawyer*

*Discipline,* 322 S.W.3d 308, 324 (Tex.App.-Houston [1st Dist.] 2010, pet. stricken); *Tranum v. Broadway,* 283 S.W.3d 403, 418 (Tex.App.-Waco 2008, pet. denied); *Dick's Last Resort of W. End, Inc. v. Market/Ross, Ltd.,* 273 S.W.3d 905, 918 (Tex. App.-Dallas 2008, pet. denied); *Medistar Corp. v. Schmidt,* 267 S.W.3d 150, 162 (Tex.App.-San Antonio 2008, pet. denied); *Springs Window Fashions Div., Inc. v. Blind Maker, Inc.,* 184 S.W.3d 840, 867 (Tex.App.-Austin 2006 pet. granted, judgm't vacated w.r.m.); *Kitchen v. Frusher,* 181 S.W.3d 467, 473 (Tex.App.-Fort Worth 2005, no pet.); *see also* Tex.R. Civ. P. 295. As noted in McDonald's *Texas Civil Practice,* absent a timely objection to a fatal conflict in the jury's answers, any complaint regarding such conflict is waived. 4 McDonald and Carlson, *Texas Civil Practice* § 25:14, at 709–710 (2nd ed.2001); *see also Sears, Roebuck & Co. v. Kunze,* 996 S.W.2d 416, 423–24 (Tex.App.-Beaumont 1999, no pet.).

 Neither party in this case objected to the jury's findings before the jury was discharged, and it was Beltran's counsel that asked the court to receive the verdict. While acknowledging the general rule, Beltran insists he is not arguing the jury's answers conflict, only that the findings can be reconciled because the answer to special issue two was rendered immaterial by the answer to special issue one. Beltran also argues the trial court should not have disregarded the jury's answer to special issue one, that it should not have done so on its own motion, and that the trial court should not have awarded judgment for Brookshire by disregarding the jury's finding of "no negligence or proximate cause on the part of plaintiff."

 Brookshire suggests that Beltran failed to preserve error by not objecting to the jury's answers prior to the jury's discharge. There is no question

that if answers to jury questions are in conflict, an objection must be raised before the verdict is received so the court can "provide the jury such additional instructions as may be proper, and retire the jury for further deliberations". Tex.R. Civ. P. 295. Rule 295 provides a procedure for correcting conflicting jury answers. *Roling v. Alamo Group (USA), Inc.,* 840 S.W.2d 107, 109 (Tex.App.-Eastland 1992, writ denied). [W]hen a party timely objects alleging conflicting answers in a verdict ..., the trial court has the duty, if at all possible, to reconcile the answers. Depending on the facts of the case, the answers may or may not be in conflict. *Waltrip v. Bilbon Corp.,* 38 S.W.3d 873, 880 (Tex.App.-Beaumont 2001, pet. denied); *see also* 4 McDonald & Carlson, *Texas Civil Practice* § 25:8, at 693 (2nd ed.2001). The court must be made aware of the conflict before the jury is discharged because, once the jury is discharged, "a conflict in the jury's answers cannot be reformed." *Roling,* 840 S.W.2d at 109. A timely rule 295 objection preserves the issue for appeal. *See id.; see Vela v. Yamaha Motor Corp.,* No. 04–01–00025–CV, 2002 WL 871838, at *2 n. 1 (Tex.App.-San Antonio 2002, no pet.) (not designated for publication).

But we find no authority for the proposition that a party must object before receipt of the verdict in order to complain on appeal that there is *no* irreconcilable conflict in the jury's answers. As discussed earlier, the trial court has a duty to harmonize the jury's findings whenever possible, and it may not strike answers on the basis of a conflict if there is any reasonable basis on which they can be reconciled. *See Signal Oil & Gas v. Universal Oil Prod.,* 572 S.W.2d 320, 326 (Tex.1978); *Bender,* 600 S.W.2d at 260; *Dick's Last Resort of W. End, Inc. v. Market/Ross, Ltd.,* 273 S.W.3d 905, 918 (Tex.App.-Dallas 2008,

pet. denied). If the court improperly harmonizes or reconciles the jury's findings, a party can raise that issue on appeal without objecting to the jury's verdict before the jury is discharged. *Cf. Williams v. Finley*, 567 S.W.2d 611, 612 (Tex.Civ.App.-Amarillo 1978, writ ref'd n.r.e.) (both parties found negligent while plaintiff attributed 0 percent and defendant 100 percent of responsibility; neither party objected to receipt of verdict, but court applied rule "that issues establishing or negating liability control over the issue which apportions, rather than establishes, negligence"). To conclude otherwise would require a party to object to the jury's findings when he does not believe there is an irreconcilable conflict, simply to preserve the right to complain on appeal, as does Beltran here, that an otherwise properly submitted question was rendered immaterial by another jury finding. We therefore conclude that Beltran did not waive his complaint by failing to object to the jury's answers prior to the jury's discharge.

■■■ The question then becomes whether the jury's findings in this case can be reconciled. A trial court may disregard a jury finding only if it is (1) unsupported by evidence, which is not alleged here, or (2) if the issue is immaterial. Tex.R. Civ. P. 301; *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994). A question is immaterial when it should not have been submitted, or when it was properly submitted but has been rendered immaterial by other findings. *Spencer*, 876 S.W.2d at 157. A properly submitted jury question can be rendered immaterial by other findings. *Southeastern Pipe Line Co. v. Tichacek*, 997 S.W.2d 166, 172 (Tex. 1999). A trial court may disregard the jury's finding on an immaterial issue and render judgment based on the remaining findings. *Dobbins v. Redden*, 759 S.W.2d

477, 479 (Tex.App.-San Antonio 1988), *aff'd as modified*, 785 S.W.2d 377 (Tex.1990).

■■■ Courts have long concluded there is no fatal conflict when, as in this case, the jury finds a party is not negligent but then apportions to it a percentage of fault. Issues establishing or negating liability control over the issue which apportions, rather than establishes, negligence. *See Torres v. Caterpillar, Inc.*, 928 S.W.2d 233, 245 (Tex.App.-San Antonio 1996, writ denied) (even if plaintiff did not waive conflict between liability and causation finding by not objecting to jury's verdict before jury was excused, "in the event of perceived conflict between a liability and percentage causation finding," jury's response to the liability issue controls); *American Jet, Inc. v. Leyendecker*, 683 S.W.2d 121, 127 (Tex.App.-San Antonio 1984, no writ) (trial court properly disregarded and set aside comparative finding that purchaser was 60 percent negligent and owner was 40 percent negligent because finding that purchaser's negligence was sole cause of accident controlled); *Young v. Cox Foodarama, Inc.*, 672 S.W.2d 891, 892 (Tex.App.-Houston [1st Dist.] 1984, no writ) (jury found shopper negligent and supermarket not negligent, and found shopper 60 percent negligent and supermarket 40 percent negligent in comparative negligence issue, but answers were not in conflict because specific liability finding controlled over general comparative negligence finding); *Lewis v. Yaggi*, 584 S.W.2d 487, 497–98 (Tex.App.-Tyler 1979, writ ref'd n.r.e.) (no fatal conflict existed between jury's general finding of negligence on part of van driver and no negligence on part of bus driver, and jury's special finding that apportioned 70 percent negligence to van driver and 30 percent to bus driver); *Tennessee Gas Pipeline Co. v. Hartman*, 556 S.W.2d 616, 619 (Tex.Civ.App.-Corpus Christi 1977,

orig. proceeding) (per curiam) (no fatal conflict between liability issue absolving defendant of negligence and comparative negligence issue apportioning 50 percent of the total negligence to defendant and 50 percent to plaintiff because specific liability finding controlled over general comparative negligence finding); *Ingles v. Cohen*, 543 S.W.2d 455, 457 (Tex.Civ.App.-Waco 1976, writ ref'd n.r.e.) (trial court correctly harmonized any apparent conflict between finding of no negligence in liability issue and apportionment of percentage of negligence to plaintiff in comparative negligence issue because specific liability finding controlled over general comparative negligence finding); *see also Wise v. Watson*, No. 05–09–00030–CV, 2000 WL 567082, at *1 (Tex.App.-Dallas 2000, no pet.) (not designated for publication) ("In the event of a perceived conflict between a liability question and a percentage causation finding, the jury's response to the liability issue is controlling.").

The record in this case shows that the jury was instructed to answer the comparative fault question only if it found more than one party negligent. The jury found only the defendant to be negligent, yet answered the comparative fault question anyway. The note from the jurors suggests they answered question two before addressing question one, but neither party objected to the verdict before the jury was dismissed, and it is a well-settled principle of law that we do not allow jurors to impeach their own verdict. *Shaw v. Greater Houston Transp. Co.*, 791 S.W.2d 204, 210 (Tex.App.-Corpus Christi 1990, no writ). Furthermore, the above cases suggest that, when reconciling apparently conflicting issues, a "specific" liability finding prevails over a "general" comparative fault finding, and the comparative fault finding is therefore rendered immaterial. *Cf. American Recreational Mkts. Gen. Agency, Inc. v. Hawkins*, 846 S.W.2d 476, 478 (Tex.App.-Houston [14th Dist.] 1993, no

writ) ("[W]hen jury questions are conditioned upon an affirmative answer to a prior question, a negative answer to the preceding question renders all subsequent findings either improper, immaterial or devoid of legal significance. Therefore, a jury's answers to conditionally submitted issues should be disregarded as mere voluntary findings when the requisites of the conditional submission were not met or fulfilled.").

Applying these principles, we conclude that the jury's liability and comparative fault findings do not irreconcilably conflict, and the trial court erred by setting aside the jury's liability finding and not entering judgment for Beltran in accordance with the jury's finding in question one. We sustain Beltran's first and second issues. We do not reach Beltran's remaining issues.

We reverse the trial court's judgment and render judgment that Beltran recover $27,000 in damages from Brookshire. We remand this cause to the trial court to render a judgment consistent with this opinion, including a calculation of any pre- and post-judgment interest that may be required by law.